IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **CAMBRIA COMPANY LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Case No.** 7:26-cv-00099 |
| v. | § | |
| | § | **COMPLAINT FOR PATENT** |
| **COSENTINO INDUSTRIAL, S.A.U. and** | § | **INFRINGEMENT AND** |
| **C & C NORTH AMERICA, INC.,** | § | **DEMAND FOR JURY TRIAL** |
| | § | |
| *Defendants.* | § | |
| | § | |

Plaintiff Cambria Company LLC ("Cambria" or "Plaintiff") alleges as follows for its claim

of patent infringement against Defendants Cosentino Industrial, S.A.U. and C & C North America,

Inc. (collectively, "Cosentino" or "Defendants"):

## NATURE OF THE ACTION

1.      This is a civil action arising under the patent laws of the United States, 35 U.S.C.

§ 1 *et seq.*, including 35 U.S.C. § 271, based on Defendants' willful infringement of U.S. Patent

Nos. 10,195,762 ("the '762 Patent"); 10,252,440 ("the '440 Patent"); and 12,370,718 ("the '718

Patent") (collectively, "the Asserted Patents") by the unauthorized manufacture, use, offer for sale,

sale, and/or importation of Defendants' infringing products accused herein.

## THE PARTIES

2.      Plaintiff Cambria Company LLC is a limited liability company organized under the

laws of Minnesota with its principal place of business located at 805 Enterprise Drive East, Suite

H, Belle Plaine, Minnesota 56011.

3.      On information and belief, Defendant Cosentino Industrial, S.A.U. ("Cosentino

Industrial") is a Spanish corporation with a principal place of business at Ctra. A334 Baza-Huércal

1

Overa, km 59, Cantoria, (Almería, Andalusia) Spain, 04850. Cosentino Industrial, which was formerly known as Cosentino S.A.U. and/or Cosentino S.A., has previously filed federal lawsuits in this District. *See, e.g.*, *Cosentino Research & Dev. S.L.U., Cosentino S.A.U., and C & C N. Am., Inc. v. Cambria Co. LLC*, No. 6:20-cv-1080 (W.D. Tex. Nov. 24, 2020). Further, Cosentino Industrial previously has not contested jurisdiction or venue in at least four lawsuits filed against it in this District. *See, e.g.*, *Cambria Co. LLC v. Cosentino S.A., C & C N. Am., Inc., et. al.*, Nos. 6:20-cv-894, -895, -896, and -897 (W.D. Tex. Sept. 30, 2020).

4.    On information and belief, Defendant C & C North America, Inc. ("Cosentino North America") is a Delaware corporation with a principal place of business at 355 Alhambra Circle, Suite 1000, Coral Gables, Florida 33134, and a physical office space at 1340 Airport Commerce Dr #100, Austin, TX 78741. Cosentino North America may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. On information and belief, Cosentino North America is registered to do business in the State of Texas, and has been since at least February 23, 2005. Cosentino North America has previously filed at least four lawsuits in the State of Texas, including a federal lawsuit in this District. *See, e.g.*, *Cosentino Research & Dev. S.L.U., Cosentino S.A.U., and C & C N. Am., Inc. v. Cambria Co. LLC*, No. 6:20-cv-1080 (W.D. Tex. Nov. 24, 2020); *C & C N. Am., Inc. v. Prestige Marble, Inc.*, No. 16-DCV-229255 (Tex. Dist. Ct. Jan 15, 2016); *C & C N. Am., Inc. v. James Sharp*, No. 15-DCV-228382 (Tex. Dist. Ct. Dec. 09, 2015); *C & C N. Am., Inc. v. Builders Plus of N. Tex., LLC*, No. 15-DCV-222733 (Tex. Dist. Ct. Apr 15, 2015); *C & C N. Am. Inc. v. Apogee Reco LLC*, No. 201347092 (Tex. Dist. Ct. Aug 12, 2013). Further, Cosentino North America previously did not contest jurisdiction or venue in at least four lawsuits filed against it in this District. *See, e.g.*,

*Cambria Co. LLC v. Cosentino S.A., C & C N. Am., Inc., et. al.*, Nos. 6:20-cv-894, -895, -896, and -897 (W.D. Tex. Sept. 30, 2020).

5.     On information and belief, Cosentino North America is a direct or indirect subsidiary of Cosentino Industrial.

## JURISDICTION AND VENUE

6.     This Complaint includes claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has general personal jurisdiction over Defendants because Defendants are engaged in substantial and not isolated activity within this judicial district. This Court has specific jurisdiction over Defendants because Defendants have committed acts giving rise to this action and have established more than minimum contacts within this judicial district, such that the exercise of jurisdiction over Defendants in this Court would not offend traditional notions of fair play and substantial justice. Defendants have also placed infringing products into the stream of commerce by shipping those products into this judicial district or knowing that the products would be shipped there.

8.     Cosentino Industrial is subject to personal jurisdiction due to its contacts with the State of Texas, and in particular, with the Western District of Texas.  On information and belief, Cosentino Industrial manufactures and ships products including quartz surface products under the brand names Cosentino and/or Silestone to its affiliates including Cosentino North America in the United States, including in this District, for distribution and sale.

9.      On information and belief, Defendants also sell Cosentino and/or Silestone-branded products to independently owned fabricators and kitchen and bath retailers throughout the State of Texas.  *See* https://www.cosentino.com/usa/where-to-buy/.

10.     Defendants maintain a website that markets Cosentino and/or Silestone-branded products.  *See* https://www.cosentino.com/usa/.  Defendants' website identifies the following for "Where to buy" its products: 19 available locations for Austin, Texas; 26 available locations for Dallas-Fort Worth, Texas Area; and 45 available locations for Houston, Texas.

11.     Defendant Cosentino North America is subject to personal jurisdiction due to its contacts with the State of Texas, and in particular with the Western District of Texas.  On information and belief, Cosentino North America distributes products including quartz surface products under the brand name Cosentino and/or Silestone in the Western District of Texas.

12.     Each Defendant is further subject to personal jurisdiction in this District because it has committed one or more acts of patent infringement within this District.

13.     Venue is proper in this judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because each Defendant has committed acts of infringement in this judicial District where the infringing products can be found, has a regular and established physical place of business in this judicial District, and/or is a foreign corporation which may be sued in any general judicial district.

### **FACTUAL BACKGROUND**

14.     Cambria is an industry leader in the design and manufacture of natural quartz surface products. Cambria's quartz surface products have a variety of uses in homes and businesses, including, but not limited to, countertops, floor tiles, vanities, fireplace surrounds, wet bars, and showers.

15. Cambria earned its reputation as an industry leader through years of innovation and a steadfast commitment to high quality in the design and manufacture of its products. Cambria was the first and only U.S. producer of quartz surface products for many years.

16. Quartz surface products have multiple performance benefits over other surface products. For example, quartz surfaces never have to be sealed, unlike granite, marble and other surfaces that require regular maintenance. Quartz surfaces are also scratch resistant and nonabsorbent, and they resist staining and do not harbor harmful bacteria.

17. Cambria led the charge to grow the demand for quartz surface products by investing millions of dollars in research and development, which led to Cambria commercializing quartz product designs that have revolutionized the market.

18. In 2014, Cambria changed the quartz countertop industry when it introduced its Coastal Collection with Cambria's new designs Galloway, Ellesmere, Langdon, Seagrove, and Summerhill. In 2016, Cambria introduced additional new designs in the Coastal Collection: Helmsley, Harlech, and Princetown, and in March 2017, Cambria added Beaumont and Kelvingrove to Cambria's Coastal Collection. Cambria's Coastal Collection designs are among the Cambria products that embody and are made with the technology of the Asserted Patents.



**Cambria Summerhill**

## CAMBRIA'S ASSERTED PATENTS

19.    The '762 Patent, titled "Processed Slabs, and Systems and Methods Related Thereto," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on February 5, 2019, and names Jon Louis Grzeskowiak, II and Martin E. Davis as the inventors. A true and correct copy of the '762 Patent is attached as **Exhibit A**. Cambria owns all substantial rights, titles, and interests in and to the '762 Patent, including the exclusive right and standing to bring suit with respect to any past, present, and future infringement. The assignment is recorded at the USPTO at Reel/Frame 51070/0811. The '762 Patent is valid, enforceable, and in full force and effect.

20.    The '440 Patent, titled "Processed Slabs, and Systems and Methods Related Thereto," was duly and legally issued by the USPTO on April 9, 2019, and names Jon Louis Grzeskowiak, II and Martin E. Davis as the inventors. A true and correct copy of the '440 Patent is attached as **Exhibit B**. Cambria owns all substantial rights, titles, and interests in and to the '440 Patent, including the exclusive right and standing to bring suit with respect to any past, present, and future infringement. The assignment is recorded at the USPTO at Reel/Frame 40694/0752. The '440 Patent is valid, enforceable, and in full force and effect.

21.    The '718 Patent, titled "Processed Slabs, and Systems and Methods Related Thereto," was duly and legally issued by the USPTO on July 29, 2025, and names Jon Louis Grzeskowiak, II and Martin E. Davis as the inventors. A true and correct copy of the '718 Patent is attached as **Exhibit C**. Cambria owns all substantial rights, titles, and interests in and to the '718 Patent, including the exclusive right and standing to bring suit with respect to any past, present, and future infringement. The assignment is recorded at the USPTO at Reel/Frame 71123/0557. The '718 Patent is valid, enforceable, and in full force and effect.

22.     To the extent required by law, Cambria has complied with the marking requirements under 35 U.S.C. § 287 such that Cambria is entitled to collect past damages for infringement of the Asserted Patents. The '440 Patent recites only method claims, and thus marking is not required to recover past damages for infringement irrespective of marking or notice. Cambria makes and distributes quartz surface products that practice the Asserted Patents, and Cambria's practicing products have been marked with the Asserted Patent numbers.

### DEFENDANTS' ACTIVITIES

23.     Cambria previously brought suit against Cosentino in this District for infringement of the '762 Patent and the '440 Patent, among other related patents. *See, e.g.*, *Cambria Company LLC v. Cosentino SA*, No. 6-20-cv-00895 (W.D. Tex.); *Cambria Company LLC v. Cosentino SA*, No. 6-20-cv-00896 (W.D. Tex.).  The parties settled all claims and defenses in those suits relating to the accused products that Cosentino had released at the time.

24.     Since the parties' earlier litigation and settlement, however, Cosentino has released new products that infringe the Asserted Patents.  These products were not at issue in the earlier litigation.  Without authorization from Cambria, Cosentino makes, uses, imports, distributes, supplies, markets, offers for sale, and/or sells in this judicial district processed slabs that infringe the '762 Patent and the '718 Patent and that are made with a process that infringes the '440 Patent.

25.     On information and belief, Cosentino's infringing products include processed slabs sold at least under the Silestone brand name.  Among other infringing products, a non-limiting example of Cosentino's infringing products is the processed slab marketed as the "Calacatta Themis" design (collectively with other infringing products, the "Accused Products").[1]  The

---

[1] https://www.cosentino.com/usa/colors/silestone/

Accused Products, including the non-limiting examples shown below, meet the elements of one or more claims of each of the Asserted Patents, as described in the following paragraphs.

26.    The below image shows exemplary Accused Products.   Calacatta Themis is representative of the Accused Products for purposes of infringement of the Asserted Patents.



**Calacatta Themis**                    **Calacatta Tova**

**Bronze Rivers**                    **Blanc Elysee**

**Chateau Brown**                    **Eclectic Pearl**



**Victorian Silver**                    **Romantic Ash**

**Bohemian Flame**                    **Parisien Bleu**

**Versailles Ivory**                    **Calacatta West**

27.     Cambria has not authorized Cosentino to copy, reproduce, manufacture, duplicate, disseminate, distribute, import, sell, offer for sale, or display the above processed slabs that embody and/or are produced with the technology claimed by the Asserted Patents.

28.     Cosentino is and has been aware of the '762 Patent and the '440 Patent at least since September 30, 2020. *See, e.g.*, *Cambria Company LLC v. Cosentino SA*, No. 6-20-cv-00895 (W.D. Tex.); *Cambria Company LLC v. Cosentino SA*, No. 6-20-cv-00896 (W.D. Tex.).  Cosentino is and has been aware of the '718 Patent at least since February 11, 2026, when Cosentino received a letter from Cambria providing notice of that patent and enclosing a copy of it.  Cosentino has continued its unauthorized infringing activity despite its knowledge of the Asserted Patents.

### COUNT I – INFRINGEMENT OF THE '762 PATENT

29.     Cambria incorporates by reference and realleges, as if fully set forth herein, paragraphs 1–28 of this Complaint.

30.     As set forth in the exemplary and non-limiting claim chart attached as **Exhibit D**, Cosentino infringes and/or has infringed, literally or under the doctrine of equivalents, at least claims 22-25 of the '762 Patent under 35 U.S.C. § 271(a) by importing, making, using, offering to sell, and/or selling the Accused Products without a license or permission from Cambria, including in this judicial district.

31.     On information and belief, Cosentino currently actively induces and has induced infringement of the '762 Patent under 35 U.S.C. § 271(b) through, among other things, actively encouraging others to make, use, import, offer for sale, and/or sell in this judicial district and elsewhere in the United States the Accused Products.

32. For example, Cosentino actively promotes the sale, use, and importation of the Accused Products in marketing materials and web pages on its website,[2] and through its sales and distribution channels that encourage infringing sales, offers to sell, and importation of the Accused Products.

33. Cambria has been damaged as a result of the infringing conduct by Cosentino alleged above. Thus, Cosentino is at least liable to Cambria in an amount that compensates Cambria for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

34. Cosentino's infringement of the '762 Patent has caused, and will continue to cause, Cambria to suffer substantial and irreparable harm unless Cosentino is enjoined by this Court pursuant to 35 U.S.C. § 283.

35. Since at least the filing of this Complaint, Cosentino has been on notice of and had actual knowledge of the '762 Patent and its infringement thereof. Since obtaining knowledge of its infringing activities, Cosentino has failed to cease its infringing activities.

36. Cosentino's infringement of the '762 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of Cambria's rights. Cosentino's willful infringement entitles Cambria to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT II – INFRINGEMENT OF THE '440 PATENT

37. Cambria incorporates by reference and realleges, as if fully set forth herein, paragraphs 1–36 of this Complaint.

---

[2] *See, e.g.*, https://www.cosentino.com/usa/colors/silestone/

38.     As set forth in the exemplary and non-limiting claim chart attached as **Exhibit E**, Cosentino infringes and/or has infringed, literally or under the doctrine of equivalents, at least claims 14-20 of the '440 Patent by importing, making, using, offering to sell, and/or selling the Accused Products without a license or permission from Cambria, including in this judicial district. In violation of at least 35 U.S.C. §§ 271(a), 271(g), and 295(1)-(2), Cosentino makes, imports, offers to sell, sells, and/or uses within the United States products which are made by the process patented in the '440 Patent. For the Accused Products that are imported into the United States, prior to such importation, the Accused Products are neither materially changed by subsequent processes, nor do they become a trivial and nonessential component of another product.

39.     On information and belief, Cosentino currently actively induces and has induced infringement of the '440 Patent under 35 U.S.C. § 271(b) through, among other things, actively encouraging others to use, import, offer for sale, and/or sell in this judicial district and elsewhere in the United States the Accused Products.

40.     For example, as demonstrated above, Cosentino actively promotes the sale, use, and importation of the Accused Products in marketing materials and web pages on its website, and through its sales and distribution channels that encourage infringing sales, offers to sell, and importation of the Accused Products.

41.     Cambria has been damaged as a result of the infringing conduct by Cosentino alleged above. Thus, Cosentino is at least liable to Cambria in an amount that compensates Cambria for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

42.     Cosentino's infringement of the '440 Patent has caused, and will continue to cause, Cambria to suffer substantial and irreparable harm unless Cosentino is enjoined by this Court pursuant to 35 U.S.C. § 283.

43.     Since at least the filing of this Complaint, Cosentino has been on notice of and had actual knowledge of the '440 Patent and its infringement thereof. Since obtaining knowledge of its infringing activities, Cosentino has failed to cease its infringing activities.

44.     Cosentino's infringement of the '440 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of Cambria's rights. Cosentino's willful infringement entitles Cambria to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III – INFRINGEMENT OF THE '718 PATENT

45.     Cambria incorporates by reference and realleges, as if fully set forth herein, paragraphs 1–44 of this Complaint.

46.     As set forth in the exemplary and non-limiting claim chart attached as **Exhibit F**, Cosentino infringes and/or has infringed, literally or under the doctrine of equivalents, at least claims 1, 2, and 4-16 of the '718 Patent under 35 U.S.C. § 271(a) by importing, making, using, offering to sell, and/or selling the Accused Products without a license or permission from Cambria, including in this judicial district.

47.     On information and belief, Cosentino currently actively induces and has induced infringement of the '718 Patent under 35 U.S.C. § 271(b) through, among other things, actively encouraging others to make, use, import, offer for sale, and/or sell in this judicial district and elsewhere in the United States the Accused Products.

48.     For example, as demonstrated above, Cosentino actively promotes the sale, use, and importation of the Accused Products in marketing materials and web pages on its website, and through its sales and distribution channels that encourage infringing sales, offers to sell, and importation of the Accused Products.

49.     Cambria has been damaged as a result of the infringing conduct by Cosentino alleged above. Thus, Cosentino is at least liable to Cambria in an amount that compensates Cambria for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

50.     Cosentino's infringement of the '718 Patent has caused, and will continue to cause, Cambria to suffer substantial and irreparable harm unless Cosentino is enjoined by this Court pursuant to 35 U.S.C. § 283.

51.     Since at least the filing of this Complaint, Cosentino has been on notice of and had actual knowledge of the '718 Patent and its infringement thereof. Since obtaining knowledge of its infringing activities, Cosentino has failed to cease its infringing activities.

52.     Cosentino's infringement of the '718 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of Cambria's rights. Cosentino's willful infringement entitles Cambria to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Cambria respectfully requests that this Honorable Court enter judgment for Cambria and against Defendants, granting Cambria the following relief:

A.      A judgment that Defendants have infringed one or more claims of each of the above patents-in-suit;

14

B.  An award of damages pursuant to 35 U.S.C. § 284 adequate to compensate Cambria for Defendants' infringement and in no event less than a reasonable royalty, together with both pre- and post-judgment interest and costs as fixed by the Court from the first date of infringement of the patents-in-suit;

C.  A permanent injunction pursuant to 35 U.S.C. § 283 prohibiting further infringement of the patents-in-suit by Defendants;

D.  A judgment that Defendants' infringement has been willful and an award of increased damages as permitted under 35 U.S.C. § 284;

E.  A finding that this case is exceptional and an award of attorneys' fees and costs to Cambria as provided by 35 U.S.C. § 285 or as otherwise permitted by law; and

F.  Such other relief as this Court may deem proper and just.

Dated: March 23, 2026

Respectfully Submitted,

WINSTON & STRAWN LLP

By: */s/ M. Brett Johnson*

M. Brett Johnson
Texas State Bar No. 00790975
2121 N. Pearl Street
Dallas, TX 75201
Tel.: (214) 453-6416
Fax: (214) 453-6400
Email: mbjohnson@winston.com

Kathi Vidal
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
Email: kvidal@winston.com

Eimeric Reig-Plessis
101 California Street
San Francisco, CA 94111
Tel.: (415) 591-1000
Fax: (415) 591-1400
Email: ereigplessis@winston.com

ATTORNEYS FOR PLAINTIFF,
CAMBRIA COMPANY LLC

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all claims so triable.


Dated: March 23, 2026

Respectfully Submitted,

WINSTON & STRAWN LLP

By: */s/ M. Brett Johnson*

M. Brett Johnson
Texas State Bar No. 00790975
2121 N. Pearl Street
Dallas, TX 75201
Tel.: (214) 453-6416
Fax: (214) 453-6400
Email: mbjohnson@winston.com

Kathi Vidal
1901 L Street NW
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
Email: kvidal@winston.com

Eimeric Reig-Plessis
101 California Street
San Francisco, CA 94111
Tel.: (415) 591-1000
Fax: (415) 591-1400
Email: ereigplessis@winston.com

ATTORNEYS FOR PLAINTIFF,
CAMBRIA COMPANY LLC